## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6733 | **DATE** | 02/06/2004 |
| **CASE TITLE** | Kedron Jones, Jr. vs. Aramark Corr. Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing set for 03/22/04 at 9:00 a.m. For the reasons stated on the attached memorandum opinion, the Court hereby dismisses all official capacity claims against Sheahan, Maul, Holmes, Vivado, and Fowler and all individual capacity claims against Sheahan and Maul. We also dismiss all claims against CCDOC and Aramark. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: MW

date docketed: FEB 11 2004

Document Number: 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEDRON JONES, JR., )
)
        Plaintiff, )
)
v. ) No. 03C 6733
)
ARAMARK CORRECTIONAL SERVICES, )
INC., et al., )
)
        Defendants. )

DOCKETED
FEB 1 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

      Petitioner Kedron Jones, Jr. ("Jones"), an inmate at the Cook County Jail, has brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against The Cook County Department of Corrections ("CCDOC") and various employees of the CCDOC. Jones also named as a defendant Aramark Correctional Services, Inc. ("Aramark"), which is the food service provider to the jail, and a Dr. Fowler ("Fowler") who Jones claims works for Cermak Health Services. Jones alleges in his complaint that he is allergic to certain types of food and that on March 11, 2002 Fowler prescribed a special diet for him. Jones claims that on April 23, 2003 his special diet was cancelled. He alleges that since the cancellation of his diet he was forced to skip meals in jail because he was not provided with appropriate food and at times he had to eat unsuitable food for nourishment and suffered allergic reactions.

      Jones filed a separate suit alleging the same violations as in the instant action on

1



September 10, 2002. In that action Judge Plunkett appointed counsel for Jones and on April 29, 2003 Jones agreed to stipulate to a dismissal as part of a settlement. The stipulation acknowledges that Jones signed a release of his claims and that his counsel received the agreed upon check from the defendants on April 21, 2003. Jones admits that he signed a release as part of the settlement, but claims that the current allegations of mistreatment are not covered by the release. In the instant action Jones seeks injunctive relief, $1 million in compensatory damages, and $1 million in punitive damages.

## LEGAL STANDARD

A district court is required to:

> review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and dismiss the complaint to the extent that it is] frivolous, malicious, or fails to state a claim upon which relief may be granted. . .[,] or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

## DISCUSSION

### I. Individual Capacity Claims

The doctrine of *respondeat superior* is not applicable in a Section 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, in order to hold a defendant liable in his individual capacity the individual defendant must be "personally responsible for the deprivation of a constitutional right," which can be illustrated by the fact that

2

the defendant "directed the conduct causing the constitutional violation," the violation "occurred with his knowledge or consent," or the defendant acted with "'deliberate, reckless indifference' to the conduct of subordinates." *Id.*

In this case Jones alleges that on April 23, 2003 Fowler cancelled his special diet at the request of the defendant referred to as "S. Vivado" ("Vivado"), Chief of Division 11 at the Cook County Jail, and "M. Holmes" ("Holmes"), Superintendent of Division 11 of the Cook County Jail. Jones has also included as Defendants Michael Sheahan ("Sheahan"), Sheriff of Cook County, and John Maul ("Maul"), Director of CCDOC. Although Jones alleges in a conclusory fashion that all the defendants listed in his complaint conspired against him, Jones has not alleged any facts that would suggest, even under the liberal standard for *pro se* plaintiffs, that Sheahan or Maul had a personal involvement in the alleged decision to ignore his alleged allergies and discontinue his special diet. Nor has Jones alleged any facts that would suggest that Sheahan or Maul were personally aware of Jones' special diet to begin with. Jones' allegations regarding these defendants are limited to general statements such as with Sheahan who Jones claims is liable because he has a "duty to supervise manage and control the Cook County Department of Corrections." Therefore, we dismiss all claims against Sheahan and Maul in their individual capacities.

II. Official Capacity Claims and Entity Claims

Jones also brings official capacity claims against Sheahan, Maul, Holmes, and Vivado. A suit against an individual defendant in his official capacity is the equivalent of a suit against the governmental entity that the individual represents. *Gossmeyer v. McDonald*, 128 F.3d 481, 494

3

(7th Cir. 1997). Therefore, to the extent that Jones is bringing official capacity claims against Sheahan, Maul, Holmes, and Vivado, and a claim against CCDOC, Jones is bringing suit against Cook County. Local governmental units cannot be held liable for Section 1983 violations under the doctrine of *respondeat superior* "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999)(stating that county could not be held liable unless violation was caused by county policy); *Gossmeyer*, 128 F.3d at 494. Jones alleges that Fowler cancelled a dietary order specifically written for Jones. Jones makes no claims that his lack of a special diet was the result of any policy or custom at the Cook County Jail. Therefore, we dismiss all claims against CCDOC and against Sheahan, Maul, Holmes, and Vivado in their official capacities. We also dismiss the official capacity claim against Fowler for the same reasons.

Jones also sues Aramark who provides the food to the Cook County Jail. Even if Jones could show that Aramark was acting under color of state law, Jones could not sue the entity for the reasons stated above relating to the dismissal of the claim against the CCDOC. Also, Jones claims that Fowler, who was a physician with authority to dictate the dietary restrictions for inmates, issued a written order cancelling the special diet for Jones. Vivado, the Chief of Division 11, signed the memo confirming that Jones' special diet was cancelled. Therefore, according to Jones' own allegations Aramark only obeyed the instructions of a supervising physician and the Division 11 Chief. Therefore, we dismiss all claims against Aramark.

We note that there is little indication from the alleged facts in the complaint that Holmes, who is the Superintendent of Division 11, had any personal involvement in the decision to cancel Jones' special diet. While the cancellation document is signed by Vivado, there is no connection

drawn to Holmes other than the general allegation in the complaint that Fowler agreed to cancel the diet at the request of Holmes and Vivado. However, for the purposes of our review to determine whether or not the complaint states a claim, we are required to accept the allegations as true and draw all inferences in Jones' favor. Therefore, based on the information before us at this juncture we will allow the individual capacity claim against Holmes to remain. Also, we note that Jones acknowledges that as part of his prior settlement he signed a release form, but Jones has not appended the release to his complaint. It is possible that the release may bar some of the claims in the instant action. However, we do not have the release before us and therefore are unable to make a determination at this juncture. In light of the above analysis, the only remaining claims in this action are individual capacity claims against Fowler, Holmes, and Vivado.

## CONCLUSION

Based on the foregoing analysis we dismiss all official capacity claims against Sheahan, Maul, Holmes, Vivado, and Fowler and all individual capacity claims against Sheahan and Maul. We also dismiss all claims against CCDOC and Aramark.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 6, 2004